■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PUCCI, Appellant.— Appellant was found guilty by a jury in the County Court, Kings County, of robbery in the first degree (two counts) and kidnapping, and was sentenced to serve from 10 to 15 years on the robbery counts, sentence on the kidnapping count having been indefinitely deferred with appellant's consent. The notice of appeal states that the appeal is from "a judgment convicting" appellant of robbery in the first degree and "kidnapping", and from the sentence imposed. Appeal, insofar as it purports to be from a judgment convicting appellant of kidnapping, dismissed. In a criminal action the sentence is the judgment. In the absence of a sentence, or of a suspension of sentence or its operation, there is nothing from which a defendant can appeal (*People* v. *Cioffi*, 1 N Y 2d 70). Judgment convicting appellant of robbery in the first degree unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WILLIAM SMITH, Also Known as JOHN R. WESLEY, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of a violation of section 408 of the Penal Law (burglar's instruments). Judgment unanimously affirmed. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ FANNIE SILVER, Respondent, v. AMERICAN HOUSECRAFT CORPORATION et al., Appellants.— Action to recover damages for the conversion of certain certificates of stock in the appellant corporations or, in the alternative, to compel said corporations to restore respondent's name on their books as the owner of the said shares of stock, to issue new certificates to respondent representing the said shares, and to pay respondent all accrued dividends on the said shares. The appeal as limited by appellants' brief is (1) from so much of an order entered May 26, 1958 as denied appellants' cross motion for judgment on the pleadings dismissing the first and second causes of action as to the individual appellants and the second cause of action as to the corporate appellants, and (2) from so much of an order entered July 8, 1958 as resettled the order of May 26, 1958. Order entered July 8, 1958 insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Appeal from order entered May 26, 1958 dismissed, without costs. (Cf. *Matter of Lee*, 6 A D 2d 897.) Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.